No. 1,098.

WHITEFORD *v.* HENTHORN.

MALICIOUS PROSECUTION.—*Invoking Criminal Law to Determine Contractual Rights.*—A person has no right to invoke the aid of the criminal laws of the State to determine the rights of another under a contract.

From the Dearborn Circuit Court.

*H. D. McMullen, H. R. McMullen, W. R. Johnston* and *F. B. Shutts,* for appellant.

*G. M. Roberts* and *C. W. Stapp,* for appellee.

Ross, J.—This action was brought by the appellee against the appellant, to recover damages for an alleged malicious prosecution. There was a trial by jury and a verdict returned in favor of appellee, assessing her damages at two hundred dollars. Appellant filed a motion for a new trial, which was overruled by the court and judgment entered on the verdict.

The only error assigned in this court is the overruling of the motion for a new trial.

Appellee, in her complaint, alleged that on the 9th day of October, 1890, the appellant maliciously, and without probable cause, caused her to be arrested and taken before a justice of the peace of Dearborn county, on a charge of having unlawfully interrupted, disturbed and molested a collection of divers inhabitants of the State of Indiana; that upon a trial she was acquitted, and that by reason of such arrest and prosecution she was greatly humiliated and disgraced, and incurred considerable expense in defending herself to her damage in the sum of two hundred dollars.

It is first insisted that the verdict is not sustained by

Whiteford *v.* Henthorn.

sufficient evidence.  The evidence establishes these facts, viz:  That in July, 1890, Otho M. Loyd, trustee for Sparta township, Dearborn county, Indiana, employed the appellant to teach the school in district number eleven, in that township, during the next ensuing winter, the term of the school commencing October 6th; that Loyd's term of office expired in August, 1890, and his successor, the appellant, qualified as trustee and refused to recognize the contract made by his predecessor with the appellee, but afterwards employed a Miss Shaw to teach the same school which the appellee had been employed to teach.  Both teachers, during the first few days of the school, taught alternately.  They were on friendly terms, and, by agreement, divided the time and work between themselves.

The school was in no manner interrupted by any act of the appellee.  While it was not stated by any witness that the appellant instituted the criminal proceedings for the purpose of testing appellee's rights under her contract of employment, such an inference might fairly be drawn from the evidence.  The appellant had no right to invoke the aid of the criminal laws of the State to determine the rights of the appellee under the contract.  Laws enacted for the punishment of crimes and misdemeanors were not made for the purpose of settling the rights of parties under contracts.

The evidence is sufficient to sustain the verdict.

Counsel have presented, with great earnestness, many objections to instructions given, and likewise insist that the court erred in refusing to give instructions asked by appellant.  As to the instructions given, we think that, considering them altogether, they state the law correctly and as fully and favorably to appellant as he had a right to ask.  Neither was it error to refuse to give instructions numbered seven, eight, and ten, asked by appellant.

A careful examination of the record convinces the court that the case was fairly tried and a correct and just result reached, and that the judgment should not be reversed for immaterial errors.

Judgment affirmed.

